STACEY, APPELLANT, *v.* DANIELS, APPELLEE.

[Cite as Stacey v. Daniels, 13 Ohio Misc. 321.]

(No. A-81488—Decided April 13, 1943.)

Court of Common Pleas of Hamilton County.

*Mr. A. I. Murdock*, for appellant.
*Miss Jule Laughlin*, for appellee.

SCHNEIDER, J.   This is an appeal from the Municipal Court of Cincinnati.   Plaintiff was a judgment creditor of the defendant in the Municipal Court.

On June 12, 1942, a Proceeding in Aid of Execution was filed against a debtor of defendant, in garnishment.

Five days later, on June 17th, defendant filed his petition in bankruptcy.

On June 22, 1942, the Municipal Court, upon evidence, ordered the sum of twenty-seven dollars to be paid by the garnishee and the said amount was deposited with the clerk of the Municipal Court by the garnishee.   At the same time the Municipal Court ordered, after costs were deducted, the balance to be applied on the judgment in favor of plaintiff.

Thereafter, on July 3, 1942, defendant filed a motion to stay proceedings.   On July 2, 1942, the clerk of the

Municipal Court received by mail two entries authorizing him to pay said money to the Federal Court to be applied on costs.

The Municipal Court thereafter found that inasmuch as that petitioner had filed his petition to be adjudicated a bankrupt before the first order of the Municipal Court was made, the Bankruptcy Court takes jurisdiction and therefore set aside the order which the court had made on June 22, and ordered that the said amount be paid into the Bankruptcy Court, no Trustee in Bankruptcy having been appointed. The notice of the Clerk of the Bankruptcy Court indicates that this amount would be applied against costs in the bankruptcy proceeding.

While the record shows very plainly that the petition in bankruptcy was filed under date of June 17, it nowhere appears clear to this court when the defendant was adjudicated a bankrupt. It is true that under the law, liens which attached within four months of the date of adjudication of bankruptcy become void, but the court is inclined to the opinion that the amount involved in this case ceased to be a lien and became, by order of the Municipal Court, the property of plaintiff before the defendant had been adjudicated a bankrupt.

If any fraud attached to the action which resulted in the order that this money be paid to the plaintiff, there is an adequate remedy provided by the law to the Referee or Trustee in Bankruptcy.

The policy of the law, as this court understands it, is to favor the diligent.

Being of this opinion the judgment of the Municipal Court will be reversed.

*Judgment reversed.*